# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00786-CV

**Sarah Kuhl, Appellant**

**v.**

**Rettie Leibowitz, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY
## NO. 23CCV01315, THE HONORABLE PAUL A. MOTZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant's brief was originally due on February 21, 2024. On March 6, 2024, this Court sent a notice to appellant, who is acting pro se, informing her that her brief was overdue and that a failure to file a satisfactory response by March 18, 2024, would result in the dismissal of this appeal for want of prosecution. To date, appellant has not filed a brief or a motion for extension of time. Accordingly, we dismiss this appeal for want of prosecution.[1] *See* Tex. R. App. P. 42.3(b).

---

[1] Appellant states in her notice of appeal that Frank Acosta also was appealing the trial court's final judgment, but he did not sign the notice of appeal, and appellant is not authorized to file a notice of appeal on his behalf. *See In re A.H.*, No. 02-21-00402-CV, 2022 Tex. App. LEXIS 3633, at *4, n.6 (Tex. App.—Fort Worth May 26, 2022, no pet.) (mem. op.) (observing that mother filed notice of appeal on behalf of herself and father but that "person can only represent herself pro se and cannot litigate the rights of others in a representative capacity" and that "notice of appeal filed by a non-attorney in a representative capacity is ineffective"); *Misty Trust v. Jellison*, Nos. 03-19-00590-CV, 03-20-00048-CV, 2021 Tex. App. LEXIS 3340, at *7 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem. op.) ("According to Texas law, only a licensed attorney is allowed to represent other parties." (citing Tex. Gov't Code §§ 81.101–.102,

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Dismissed for Want of Prosecution

Filed: May 10, 2024

---

83.001–.006)); *see also* Tex. R. Civ. P. 7 ("Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court."), R. 500.4 (allowing party to be represented by authorized agent in eviction case in justice court case); Tex. Prop. Code § 24.011 (addressing nonlawyer representation in eviction suits in justice court and appeals to county court).